# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| AGATHA LEWANDOWSKA GIANNESE; and ANDREA FAHEY, individually and on behalf of all others similarly situated, | Case No.: 3:25-cv-01717-VAB |
| Plaintiffs, | |
| v. | |
| EDGEWELL PERSONAL CARE BRANDS, LLC, | March 27, 2026 |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS

ORAL ARGUMENT REQUESTED

## MOTION TO DISMISS

Pursuant to Local Rule 7(a)(1) of the Local Civil Rules of the United States District Court for the District of Connecticut, and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Edgewell Personal Care Brands, LLC hereby moves to dismiss Plaintiffs' Complaint, on the basis that:

1.      The claims are impliedly preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA") under 21 U.S.C. § 337(a) and *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) because enforcement of the FDCA is expressly reserved to the United States, and also expressly preempted by the FDCA pursuant to 21 U.S.C. § 379r(a)(2) because Plaintiffs' claims would impose requirements additional to and different from those imposed by the FDCA; and

2.      The claims require the resolution of issues that have been placed within the special competence of the United States Food and Drug Administration ("FDA"), such that the Court should dismiss the case in deference to FDA under the doctrine of Primary Jurisdiction; and

3.      Plaintiffs lack Article III standing because they did not test the products they purchased, and the allegations do not establish a meaningful link between the product their counsel tested and the products they purchased, and Plaintiffs separately lack standing to seek injunctive relief; and

4.      Plaintiffs' state law claims fail for independent reasons, namely: (a) the unjust enrichment claims must be dismissed because Connecticut law does not apply; (b) the breach of warranty claims fail for lack of notice; (c) the claims sounding in fraud fail to comply with Rule 9(b) of the Federal Rules of Civil Procedure; (d) the fraud and negligent misrepresentation claims are barred by the economic loss rule; and (e) the breach of implied warranty claim fails for lack of privity.

For these reasons, and as set forth in Defendant's Memorandum of Law in Support of Motion to Dismiss, Defendant respectfully requests that Plaintiffs' claims be dismissed.

Dated: March 27, 2026                           Respectfully submitted,


HOGAN LOVELLS US LLP

*/s/ Trenton H. Norris (pro hac vice)*
Trenton H. Norris (Bar No. 209235)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
trent.norris@hoganlovells.com

George Langendorf (Bar No. 209236)
(*pro hac vice*)
125 High Street, Suite 2010
Boston, MA 01944
Telephone: (617) 371-1000
george.langendorf@hoganlovells.com

Lauren R. Greenspoon (ct04846)
James D. Geisler (ct31447)
SHOOK, HARDY & BACON, L.L.P.
185 Asylum Street
City Place 1, Suite 3701
Hartford, CT 06103
Tel. No: (860) 515-8901
Fax No.: (860) 515-8911
lgreenspoon@shb.com
jgeisler@shb.com

James Patrick Muehlberger (51346) (*pro hac vice*)
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel. No. 816-474-6550
Fax No. : 816-421-5547
jmuehlberger@shb.com

Patrick L. Oot (ct31556)
SHOOK, HARDY & BACON, L.L.P.
1800 K Street NW

2
Defendant's Motion to Dismiss

Suite 1000
Washington, DC 20006
Tel. No.: 202-783-8400
Fax No.: 202-783-4211
oot@shb.com

*Attorneys for Defendant*
*EDGEWELL PERSONAL CARE BRANDS, LLC*

Defendant's Motion to Dismiss

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Trenton H. Norris (pro hac vice)*
Trenton H. Norris (Bar No. 209235)

*Attorneys for Defendant*
*EDGEWELL PERSONAL CARE BRANDS, LLC*

Defendant's Motion to Dismiss