UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| AGATHA LEWANDOWSKA GIANNESE and ANDREA FAHEY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC,<br><br>　　　　Defendant. | : : : : : : : : : : : : : : : : | Civil Action No. 3:25-cv-1717 (VAB)<br><br><br><br><br><br><br><br><br>MARCH 30, 2026 |

## <u>JOINT RULE 26(f) REPORT</u>

**Date Complaint Filed:** October 10, 2025

**Date Complaint Served:** Waiver of service filed on October 30, 2025

**Date of Defendants' Appearance:** December 10, 2025

Pursuant to Rule 26(f), Local Rule 26(f) and this Court's chambers' preferences, the parties jointly submit this Rule 26(f) report. The parties met and conferred on February 26, 2026, via Zoom. The participants were:

**For the Plaintiffs:** Frank Hedin and James J. Reardon, Jr.

**For the Defendant:** Lauren R. Greenspoon, James P. Muehlberger, Trenton H. Norris and George Langendorf

## I.　CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients,

have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction

**Plaintiffs' Position:**  The factual allegations of the complaint adequately establish that Plaintiffs have Article III standing, and that the Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**Defendant's Position:**    Defendant does not contest that CAFA's jurisdictional prerequisites are met.  However, as set forth in Defendant's Motion to Dismiss (ECF 36), the case should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack Article III standing, and the Court therefore lacks subject matter jurisdiction.

### B.    Personal Jurisdiction

Defendant does not contest personal jurisdiction.

## III.    BRIEF DESCRIPTION OF CASE

### A.    Plaintiffs' Claims

**Plaintiffs' Position:** Plaintiffs seek to redress and put a stop to the unlawful manner in which Defendant has labeled, distributed, and marketed its sunscreen product "Hawaiian Tropic Everyday Active SPF 50 Sport Sunscreen Lotion" (the "Product"). Plaintiffs and members of the putative classes purchased the Product based on Defendant's representations that the Product provides SPF 50 protection. Unbeknownst to them, however, the Product provides only SPF 20 protection (60% less than represented), as independent, Food and Drug Administration ("FDA")-compliant testing commissioned by Plaintiffs' counsel has revealed. At SPF 20, the Product provides far less protection from the sun's harmful rays – and is of significantly lower quality and

worth far less money – than a sunscreen that actually provides SPF 50-level protection. By falsely representing the SPF value of the Product yielded by FDA-compliant testing, Defendant has knowingly induced Plaintiffs and numerous others to purchase a product they otherwise would not have purchased at all, or to pay significantly more than they would have paid had the Product accurately represented the true SPF value of the Product yielded by FDA-compliant testing. Perhaps most egregious of all, the false SPF representations made on the Product's label gave Plaintiffs and numerous other consumers a false sense of protection from the sun's harmful radiation while using the Product.

The complaint alleges seven claims for violation of Connecticut, Florida, and Illinois law against Defendant on behalf of three classes of similarly situated consumers (one nationwide class and two subclasses, one comprised of purchasers of the Product in Illinois and the other comprised of purchasers of the Product in Florida). Plaintiffs' claims are all state-law claims based on Defendant's false, deceptive, and misleading representations of the Product's SPF value. Because none of Plaintiffs' claims seek to impose any additional or different obligations on Defendant beyond those already required by applicable FDA regulations, none of Plaintiffs' claims are preempted by federal law.

This case concerns an important matter of consumer protection that, to date, has evaded the appropriate judicial scrutiny. Plaintiffs already possess substantial evidentiary support for their allegations and believe they will be able to readily prove their claims if afforded a reasonable opportunity for discovery.

### B.   Defendants' Claims and Defenses

**Defendant's Position:** Defendant's sunscreen products bear SPF value statements pursuant to federal regulations governing sunscreen labeling, SPF value statements, and the testing

required to substantiate those statements. As set forth in Defendant's Motion to Dismiss (ECF 36), Plaintiffs' claims are impliedly preempted because 21 U.S.C. § 337 reserves enforcement of these regulations to the federal government, and expressly preempted by 21 U.S.C. § 379r because they would impose requirements "different from or in addition to" those imposed by the FDCA. Plaintiffs also lack Article III standing to bring their claims. Plaintiffs' state law claims also fail for the additional reasons set forth in the Motion to Dismiss. *Id*.

If the case proceeds past the Court's ruling on the Motion to Dismiss, Defendant anticipates challenging class certification on the basis that, *inter alia*, individualized issues predominate over common ones, and moving for summary judgment on the basis that, *inter alia*, Plaintiff's evidence does not raise a genuine dispute as to Defendant's compliance with FDCA requirements.

### C.     Third Party Defendant's Defenses and Claims

Not applicable at this time.

## IV.     RELATED CASES

None presently on file.

## V.     STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time the parties are not prepared to stipulate to any such facts.

## VI.    CASE MANAGEMENT PLAN

### A.    Initial Disclosures

The parties will exchange initial disclosures pursuant to Rule 26(a)(1) by April 27, 2026.

### B.    Scheduling Conference

The parties request that any scheduling conference be conducted by Zoom.

**Plaintiffs' Position:** Plaintiffs have previously asked Defendant to provide their counsel a copy of any alternative protective order that Defendant would like entered in this case to review, to the extent the model order is unacceptable to Defendant; Plaintiffs' counsel have not yet received any such alternative proposed protective order.  Defendants are now advising that they do not have an issue with the standard protective order, but that they intend to seek a motion to stay, and, in the alternative, a protective order.  Plaintiffs' counsel previously provided their availability to meet and confer on Defendant's planned motion to stay discovery.  However, Plaintiffs' counsel does not believe any such stay is warranted in this case.  As explained further below, Plaintiffs' initial two discovery requests to Defendant are both narrowly tailored to threshold subjects in the case and, in fact, have already come due. Plaintiffs believe it would be prudent for the Court to set a scheduling conference in this matter.

**Defendant's Position:** Pursuant to the Court's pretrial procedures, Defendant's counsel is in the process of conferring with Plaintiffs' counsel regarding Defendant's forthcoming motion to stay discovery, or in the alternative, to grant a protective order with respect to Plaintiffs' first sets of Requests for Production and Interrogatories. The parties will file a joint motion for a conference with the Court after their meet-and-confer. Defendant's position is that a scheduling conference should be held, if necessary, after the Court's ruling on Defendant's motion to stay discovery or in the alternative, issue a protective order.

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.    The parties previously engaged in a mediation in an effort to resolve the dispute, which was unsuccessful.

2.    The parties do not request an early settlement conference at this time.

3.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

**D.    Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

**Plaintiffs' Position:** Plaintiffs propose that the Court allow any motions to join parties or amend pleadings pursuant to Rule 15 be filed within 90 days of Defendant's filing of an answer.

Plaintiffs reserve the right to file an amended complaint within 21 days of Defendant's filing of an answer or Rule 12 motion, whichever comes first, pursuant to Rule 15(a)(1)(B).

**Defendant's Position**: Defendant proposes that any motion to join parties or amend pleadings be filed within 30 days of Defendant's filing of an answer.

**E.    Discovery**

a.    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).    At this time, the parties have no specific information to provide the Court regarding the "needs of the case" with respect to discovery, beyond what is discussed below.

b.    The parties anticipate that discovery will be needed on the following subjects:

**Plaintiffs' Position:** Discovery will be needed on several subjects pertaining to both the merits of Plaintiffs' claims and issues pertaining to class certification, including but not limited to issues bearing on the final formulation of the Product and the manner in which it was produced and manufactured, any SPF testing performed on the final formulation of the Product by Defendant, whether any such testing was conducted in compliance with the applicable monograph and other applicable FDA requirements, whether any such testing substantiated the label SPF value on the Product, the purposes for which Defendant misrepresented the SPF value of the Product, the amount of revenue and profit generated by Defendant from sales of the Product during the applicable time periods, and the number of persons who purchased the Product and the damages incurred by such persons, among others.  Plaintiffs propose a period of 10-12 months for discovery in this matter.

In the initial draft of this report prepared that Defendant prepared, Defendant asked for a stay of discovery pending resolution of its motion to dismiss.  In a subsequent version, after Plaintiffs added their respective sections to the report, Defendant shifted course and is now of the view "that, pursuant to the Court's pretrial procedures, the appropriate forum for briefing Defendant's forthcoming motion to stay is in a joint motion for a conference regarding a discovery dispute, and any further briefing the Court may request, not this Rule 26(f) Report."  Plaintiffs respectfully submit that neither option is appropriate here, because *today* is the deadline for Defendant to respond to Plaintiffs' first set of requests for production (comprising a single straightforward request for production seeking materials concerning any SPF testing performed on the Product) and first set of interrogatories (comprising a single interrogatory asking for Defendant

to identify which of those responsive materials sought in the request for production purport to substantiate the SPF value on the Product's label in compliance with applicable FDA regulations).[1] The time for Defendant to move to stay its obligations to comply with Plaintiffs' initial two discovery requests was before those discovery requests came due – not after the deadline to respond to them has already passed.  Defendant should produce any materials or information responsive to these discovery requests forthwith, or state clearly that none exist.

Indeed, Plaintiffs believe that a brief period of initial discovery is important here to facilitate the production of materials concerning any SPF testing that Defendant performed (or that anyone else performed on Defendant's behalf) of the final formulation of the Product in question prior to bringing the Product to market in the United States, as well as the results thereof.  Plaintiffs allege that the results of any such SPF testing of the final formulation of the Product, to the extent any such testing was conducted in compliance with applicable FDA regulations, either made or should have made Defendant aware that the Product does not in fact provide SPF 50 protection. Plaintiffs further allege that their counsel commissioned SPF testing of the final formulation of the Product, that such testing was conducted in compliance with applicable FDA regulations, and that the results of such testing yielded an SPF value of just 20.  Plaintiffs submit that there are thus three discrete, threshold subjects of discovery in this case: (1) whether Defendant conducted any SPF testing of the final formulation of the Product before the Product was brought to market in the United States, (2) whether any such testing complied with applicable FDA regulations, and (3) the SPF values that any such testing yielded.

Moreover, as previously mentioned, all of Plaintiffs' claims are state-law claims based on Defendant's false, deceptive, and misleading representations of the Product's SPF value to

---

[1]    Both requests were served on February 26, 2026, and are thus due on March 30, 2026.

consumers. None of Plaintiffs' claims seek to impose any additional or different obligations on Defendant beyond those already required by the applicable FDA regulations.  Thus, contrary to Defendant's statements below, a long line of decisions, including decisions in prior SPF litigation against Defendant, make clear that none of Plaintiffs' claims in this case are preempted or are seeking to "privately enforce the FDCA". *See In Re: Edgewell Personal Care Co. Litigation*, No. 1:16-cv-03371-KAM-RLM, ECF No. 64 (E.D.N.Y. Sept. 4, 2018); *Keskinen v. Edgewell Personal Care LLC, et al.*, No. 2:17-cv-07721-PSG-PJW, ECF No. 46 (C.D. Cal. April 17, 2018); *Anglin et al. v. Edgewell Personal Care Brands LLC et al.*, No. 4:18-cv-00639-NCC, ECF No. 45 (E.D. Mo. Dec. 7, 2018).

Against this backdrop, a stay of discovery pending a decision on Defendant's motion to dismiss is unwarranted in this case.  As Defendant itself has acknowledged while defending prior SPF litigation, "[a] valid, FDA-complaint test is the price of admission in SPF class actions." *Anglin*, No. 4:18-cv-00639-NCC, ECF No. 43 at 3. Here, Plaintiffs have already provided a document (attached as Exhibit A to the complaint) containing the results of a valid, FDA-compliant test of the SPF value of the Product. Having paid the price of admission, Plaintiffs properly served Defendant with a single request for production and a single interrogatory following the parties' Rule 26(f) conference, as discussed above, reasonably seeking documents and information bearing on these threshold subjects. The Court should allow the discovery process to run its course with respect to these two razor-focused requests, as they seek materials bearing on important, threshold subjects and have the potential to facilitate an early resolution to the case.

**Defendants' Position:**  The threshold issue at the outset of this case is whether, after FDA has required SPF value disclosures on sunscreen products and determined, revised and regulated the testing methodology underlying them for *fifty* years, with no state standards or involvement

9

whatsoever, Plaintiffs' counsel can now privately seek to enforce compliance with those federal standards. It makes sense to decide that issue before allowing discovery because what Plaintiffs are proposing to do via discovery – demand the test results substantiating the FDA-mandated SPF value claims on Defendant's sunscreen products, and then assess and attack the sufficiency of those test results – *is* the definition of enforcement, which has been exclusively reserved for the United States by statute. *See* ECF 36-1. And, in the absence of any state standards to apply, the Court also may decide to defer to FDA's expertise, rather than attempting to apply highly technical and constantly evolving federal standards under the auspices of general state law principles. *Id*. at 22-24. Put differently, because the issue before the Court on the Motion to Dismiss is whether Plaintiffs are entitled to (or should be permitted to) enforce federal SPF labeling and testing regulations, requiring Defendant to produce substantiation for its SPF labeling effectively prejudges the substantive arguments raised in the Motion to Dismiss.

Defendant's view is that, pursuant to the Court's pretrial procedures, the appropriate forum for briefing Defendant's forthcoming motion to stay is in a joint motion for a conference regarding a discovery dispute, and any further briefing the Court may request, not this Rule 26(f) Report. Defendant accordingly will reserve its responses to the case law cited by Plaintiffs above for that briefing.

Defendant did not "shift course." As Plaintiff acknowledges, Defendant proposed a stay of discovery, both in the initial draft of this Rule 26f report, and in the email accompanying it. Plaintiff did not agree, and consequently Defendant proposed to follow the joint motion process in the Court's pretrial procedure, which appears to Defendant to be the appropriate process for teeing up a discovery motion, instead of briefing it in a Rule 26(f) Report. As this Report notes above, Plaintiff's counsel has provided availability for the meet and confer that initiates this process.

Defendant's counsel has also provided availability, and it appears likely this meeting will occur in the next few days. The deadline to respond to Plaintiffs' discovery has not passed, and Defendant will serve its responses and objections to it.

c.      **Plaintiffs' Position:** Plaintiffs propose a period of 10-12 months for discovery in this matter. And as explained above, discovery has already commenced and the Court should permit Plaintiffs' initial discovery requests (comprised of a single request for production and a single interrogatory) to run their course, and as the decisions cited above confirm, Plaintiffs are in no way seeking to "privately enforce the FDCA".  **Defendant's Position**: As set forth above, allowing discovery to "run its course" in this context amounts to permitting Plaintiffs to privately enforce the FDCA, thereby predetermining the substantive issues raised in Defendant's Motion to Dismiss. Defendant proposes that discovery be stayed pending the Court's decision on the Motion to Dismiss and that, if Defendant's Motion to Dismiss is not granted, fact discovery may be commenced one month following the Court's Ruling on Defendant's Motion to Dismiss.

d.      Discovery will be conducted in fact and expert discovery phases, pursuant to subsection (e).

e.      **Plaintiffs' Position**: Plaintiffs propose that fact discovery be completed within nine months of the Court's Ruling on Defendant's Motion to Dismiss, and that expert discovery be completed within nine months of the close of fact discovery.  **Defendant's Position**: If Defendant's Motion to Dismiss is not granted, fact discovery will be completed within nine months of the Court's Ruling on Defendant's Motion to Dismiss. Expert discovery will be completed within nine months of the close of fact discovery.

f.      **Plaintiffs' Position**: Plaintiffs anticipate that they will require a total of 5-10 depositions of fact witnesses, and propose that depositions commence one month after the opening of fact discovery. **Defendant's Position**: If Defendant's Motion to Dismiss is not granted, Defendant anticipates that it will require a total of 5-10 depositions of fact witnesses. Depositions may commence one month after the opening of fact discovery.

g.      The parties do not anticipate requesting permission to serve more than 25 interrogatories upon each party but reserve the right to do so.

h.      The parties intend to call expert witnesses at trial.

i.      Both sides will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiffs' expert disclosures will be completed within four months of the close of fact discovery. Depositions of Plaintiffs' experts will be completed within six months of the close of fact discovery (60 days after Plaintiff's expert disclosures). Defendant's expert disclosures will be completed within seven months after the close of fact discovery. Depositions of Defendant's experts will be completed within nine months of the close of fact discovery (60 days after Defendant's expert disclosures.)

j.      N/A

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages, and will be provided with their respective expert reports.  Nothing herein shall preclude either party's experts from amending, modifying, or supplementing a damages analysis in a rebuttal report.

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and

12

how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  To the extent necessary, the parties will negotiate and file a stipulated ESI protocol and proposed protective order for the Court's approval.

m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  To the extent necessary, the parties will negotiate and file a stipulated ESI protocol and proposed protective order for the Court's approval.

n.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  To the extent necessary, the parties will agree on a procedure for handling claims of privilege or protection and incorporate that process into their proposed ESI protocol and/or stipulated protective order.

**F.    Motion to Dismiss and Class Certification Scheduling Issues**

The parties propose the following schedule for addressing Edgewell's motion to dismiss and class certification:

**<u>Motion to Dismiss</u>**

March 29, 2026 – Edgewell's Motion to Dismiss

April 28, 2026 – Plaintiffs' Opposition to Motion to Dismiss

May 19, 2026 – Edgewell's Reply in Support of Motion to Dismiss

Plaintiffs reserve the right to file an amended complaint within 21 days of Defendant's filing of an answer or Rule 12 motion, whichever comes first, pursuant to Rule 15(a)(1)(B).

**Class Certification**

Plaintiffs' Motion for Class Certification will be filed on or before 30 days after the close of expert discovery. Defendant's Opposition to the Motion for Class Certification will be filed on or before 90 days after close of expert discovery. Plaintiffs' Reply in Support of Class Certification will be filed on or before 135 days after close of expert discovery. A hearing on Plaintiff's Motion for Class Certification will be held at the Court's convenience, approximately 30 days after filing of the reply.

### G.    Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before 90 days following the Court's ruling on class certification.  Oppositions to summary judgment motions will be filed 30 days following summary judgment motions.  Replies will be filed 21 days following oppositions.  A hearing on summary judgment motions will be held at the Court's convenience, approximately 30 days following the filing of replies.

### H.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than one month before the date of trial.

## VII.    TRIAL READINESS

The parties agree that it is premature to fix a date certain for trial.  Because the Court's ruling on class certification and on any dispositive motions could substantially impact the scope

and timing of trial, the parties will work together to propose any scheduling adjustments that may become necessary.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this case.

15

## VIII.   OTHER MATTERS

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and/or secondary email addresses for counsel of record. The format to be used for attachments to any such email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within two business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

PLAINTIFFS,
AGATHA LEWANDOWSKA GIANNESE,
ANDREA FAHEY, and the Proposed Classes

By: */s/James J. Reardon, Jr.*
    REARDON SCANLON LLP
    45 South Main Street, Suite 305
    West Hartford, CT 06107
    Tel. No: (860) 955-9455
    Fax: (860) 520-5242
    james.reardon@reardonscanlon.com

DEFENDANTS,
EDGEWELL PERSONAL CARE BRANDS, LLC

*/s/ Trenton H. Norris (pro hac vice)*
HOGAN LOVELLS US LLP
Trenton H. Norris (General Bar No. 164781)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
trent.norris@hoganlovells.com

George Langendorf (General Bar No. 255563)
(*pro hac vice*)
Hogan Lovells US LLP
125 High Street, Suite 2010
Boston, MA 01944
Telephone: (617) 371-1000
George.Langendorf@hoganlovells.com

Lauren R. Greenspoon (ct04846)
James D. Geisler (ct31447)
SHOOK, HARDY & BACON, L.L.P.
185 Asylum Street
City Place 1, Suite 3701
Hartford, CT 06103

16

Tel. No: (860) 515-8901
Fax No.: (860) 515-8911
LGreenspoon@shb.com
JGeisler@shb.com

James Patrick Muehlberger (*pro hac vice*)
Shook, Hardy & Bacon L. L. P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel. No. 816-474-6550
Fax No. : 816-421-5547
Jmuehlberger@shb.com

Patrick Oot
Shook, Hardy & Bacon L. L. P.
1800 K Street NW
Suite 1000
Washington, DC 20006
Tel. No.: 202-783-8400
Fax No.: 202-783-4211
Oot@shb.com


*Attorneys for Defendant*
*EDGEWELL PERSONAL CARE BRANDS, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on **MARCH 30, 2026**, a copy of the foregoing **JOINT RULE 26(f)**

**REPORT** was filed electronically and served by mail upon anyone unable to accept electronic

filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's CM/ECF System.


By: /s/*James J. Reardon, Jr.*
James J. Reardon, Jr.

17