**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AGATHA LEWANDOWSKA GIANNESE; and ANDREA FAHEY, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC,<br><br><br>       Defendant. | Case No.: 3:25-cv-01717-VAB<br><br><br><br><br><br>June 19, 2026 |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Plaintiffs have failed to rebut Defendant's showing that this District's three-factor test for a stay of discovery is met in this case. With respect to the strength of Defendant's Motion to Dismiss, they ignore Defendant's case law and argue that in other cases, similar dispositive motions have been dismissed. But the only case they cite that is from this District actually supports Edgewell's arguments for dismissal. *See* Part I, *infra*. As to the second factor (burden of responding to discovery), Plaintiffs fail to respond to the commonsense point that, because the Motion to Dismiss challenges Plaintiffs' right to enforce the FDCA, their discovery, which seeks Defendant's substantiation – literally, the discovery seeks the documents that "*substantiate* the SPF value of 50 represented on the label of the Product *in compliance with FDA Final Rule*" – is burdensome because it would effectively prejudge the Motion. *See* Part II, *infra*. And, with respect to prejudice, they concede that there is ample time for discovery after the Court's ruling – 18 months under the Scheduling Order – and only argue potential prejudice because of a hypothetical "heightened risk of spoliation." This "heightened spoliation" argument, however, is invented from whole cloth and unsupported by any case law, and overlooks Edgewell's independent obligations as a drug

manufacturer to maintain records of substantiation for its claims, which it must provide to FDA (but not to private plaintiffs) on demand. *See* Part III, *infra*. The Motion for a Stay of Discovery pending the Court's ruling on the Motion to Dismiss should be granted.

**I.     The Motion to Dismiss Would Dispose of the Entire Case and Makes a Strong Showing That the Claims Are Without Merit, and Plaintiffs' Case Law Does Not Show Otherwise.**

As explained in Defendant's Motion to Stay Discovery (ECF 43-1) ("Mot."), Defendant has put forward strong arguments directed to critical threshold issues: whether Plaintiffs are entitled (or are the appropriate entity) to bring this lawsuit, and whether they have standing to do so. Mot. at 3-4 (summarizing arguments for implied preemption, express preemption, primary jurisdiction, and standing). As shown by the case law from this District cited in the Motion, these arguments constitute "substantial grounds" for dismissal. *Id*. (citing cases).

Plaintiffs make no effort to discuss or distinguish any of Defendant's case law, and dismisses Defendant's argument out of hand on the grounds that other supposedly similar dispositive motions have been denied in other courts. Plaintiff's Opposition to Mot., at 2-3 (ECF 47) ("Opp."). But the only one of these cases from this District, *Clinger v. Edgewell Pers. Care Brands, LLC*, No. 3:21-CV-1040 (JAM), 2023 WL 2477499 (D. Conn. Mar. 13, 2023), actually supports Defendant's arguments for dismissal. There, the *Clinger* court considered, *inter alia*, claims brought under the Florida consumer protection law, on the basis that Defendant's sunscreen products allegedly contained benzene. *Id*. at *13. The Court dismissed the Florida claim as impliedly preempted, reasoning that "to the extent that this count explicitly relies on the federal FDCA as the basis for a state law duty, I conclude that [the count] is impliedly preempted." *Id*. (citing *Patane v. Nestle Waters N. Am., Inc.*, 314 F. Supp. 3d 375 (D. Conn. May 17, 2018)). That is the same argument Edgewell makes in support of implied preemption in this case. *See* Def.'s Mot. to Dismiss the First Amended Complaint, at 13-17 (ECF 41-1) ("Mot. to Dismiss") (arguing that Plaintiffs' claims are impliedly preempted under *Patane* and other authorities because they are wholly reliant on showing a violation of the FDCA). Plaintiff's Opposition thus actually further

demonstrates that Defendant's Motion to Dismiss offers "substantial grounds" for dismissal.

Moreover, none of the cases cited by Plaintiffs addressed the other arguments for dismissal made here, that FDA does not use testing to enforce compliance with SPF value regulations (Mot. to Dismiss, at 17-21); that Plaintiffs' testing in this case did not follow FDA's required procedures (*id*. at 21-23); that dismissal under primary jurisdiction is appropriate because Plaintiffs' counsel is filing lawsuits against sunscreen manufacturers in courts across the country, even as FDA is continuing to address variability in SPF test results via rulemaking (*id*. at 24-25), and that recent Second Circuit case law shows that Plaintiffs lack Article III standing. *Id*. at 25-28.[1]

Defendant's arguments implicate critical threshold questions, of the type that courts in this District have found sufficient to support staying discovery. Mot. at 3-4. Plaintiffs make no effort to respond Defendant's cases or even to argue why their reasoning should not apply here. Opp. at 2-3. The first factor weighs in favor of staying discovery pending the Court's ruling on the Motion to Dismiss.

## II.    Plaintiffs' Discovery Is Burdensome Because It Is Tantamount to Private Enforcement, and Defendant Has Good Reason to Distrust Plaintiffs' Assurances.

Plaintiffs either misunderstand or intentionally decline to address the nature of the burden imposed by their discovery requests. As set forth in the Motion, the burden on Defendant flows from being subjected to enforcement of FDA regulations by private individuals instead of the FDA, and from the fact that those individuals are seeking to impose requirements that are not identical to those imposed by the FDCA. Mot. at 5-6 (summarizing discovery requests as seeking substantiation and noting that "the basis for Defendant's Motion is that such enforcement is the exclusive province of FDA and/or better deferred to FDA under the doctrine of primary jurisdiction, in light of the statutory reservation of enforcement to the United States, the FDCA's

---

[1] Again, *Clinger* actually supports dismissal here, because it explains that the test for standing in cases premised on testing of other products is the one set forth by the Second Circuit in *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017). That is the test Plaintiffs incorrectly argues has no application in this case, because (they argue) it only applies in contamination cases. *See* Pl.'s Opp. to Mot. to Dismiss (ECF 46), at 23-24. *John* is not a contamination case, and so Plaintiff's argument for why the Second Circuit's "framework" does not apply fails, and Plaintiffs' claims are likely to be dismissed for lack of standing. *Id*.

Defendant's Reply In Support of Motion to Stay Discovery

express preemption clause, and the five decades of rulemaking (which is ongoing) on the topics of sunscreen labeling and the declaration of SPF values on sunscreen."). Because these issues are raised in Defendant's Motion to Dismiss, permitting Plaintiffs to require Defendant to produce its substantiation for the SPF value statements on the Product would effectively prejudge the Motion to Dismiss. *Id*.

Plaintiffs decline to engage with this argument. They cite no other case where this argument was raised and rejected, or where a court found that the only type of burden that should be considered is the amount of documents that must be produced. They suggest that Defendant has previously taken a different position regarding discovery in another case (Opp. at 4), but Edgewell is not bound to or estopped by discovery positions taken in other contexts. And, in any case, Plaintiffs do not respond to a clear reason why Edgewell might take a different view in this case, which is that in another SPF value case Plaintiffs' counsel filed this year, Plaintiffs' counsel used test results obtained in mediation as the basis for filing an amended complaint. Mot. at 7. Against this backdrop, Plaintiffs' suggestions that their discovery "could facilitate early resolution" (Opp. at 4) or lead them to "voluntarily dismiss the case" (Opp. at 3) ring hollow.

Because the discovery served in this case *is* the enforcement that Defendant's Motion to Dismiss challenges, the second factor also weighs in favor of staying discovery pending the Court's ruling on the Motion to Dismiss.

### III.  Plaintiffs Will Not Be Prejudiced Because There Is Ample Time for Discovery After the Court's Ruling and There Is No Heightened Risk of Spoliation.

Defendant's Motion explained that staying discovery pending the Court's ruling on the Motion to Dismiss will not prejudice Plaintiffs, because they have already discontinued use of the Product, and because the Parties have agreed to a discovery schedule that provides for 18 months of discovery *after* the Court's ruling on the Motion to Dismiss. Mot. at 6.

Plaintiffs do not respond to these commonsense points. Opp. at 4. Instead, they assert a hypothetical heightened risk of spoliation, and argue that a stay of discovery pending the Court's ruling on the Motion to Dismiss has the *potential* to be prejudicial to them "*if* the data underlying

Defendant's purported SPF testing of the Product is at risk of being destroyed by the laboratory that conducted that testing" and particularly "*if* AMA Laboratories, Inc. was hired to conduct the SPF testing of the Product." Opp. at 4, 5 (emphasis added).

Nonsense. Plaintiffs' conspiracy theory regarding AMA Laboratories is apparently based on a single document that is not pleaded in the First Amended Complaint, not offered for judicial notice, not signed by Defendant, not asserted by Defendant as substantiation, and that does not contain any actual test results. *See, e.g.*, Opp. to Mot. to Dismiss (ECF 46) at 14 n.3 and Ex. 1 (ECF 46-1) (asserting AMA theory); Def.'s Reply In Support of Motion to Dismiss (ECF 48 at 4 n.1) (responding to same). Edgewell has taken steps to preserve relevant data, including testing data, and in any case, is separately required to maintain this data by good manufacturing practice obligations, and in order to provide them to FDA in the event of an inspection. Plaintiffs' "heightened spoliation" argument is hypothetical and completely unsupported, and fails to show prejudice.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Defendant's Motion to Stay Discovery be granted and that discovery be stayed pending this Court's ruling on Defendant's Motion to Dismiss the First Amended Complaint.

Dated: June 19, 2026                                       Respectfully submitted,

                                                  */s/ Trenton H. Norris (pro hac vice)*
                                                  Trenton H. Norris (General Bar No. 164781)
                                                  HOGAN LOVELLS US LLP
                                                  4 Embarcadero Center, Suite 3500
                                                  San Francisco, CA 94111
                                                  Telephone: (415) 374-2300
                                                  trent.norris@hoganlovells.com

                                                  George Langendorf (General Bar No. 255563)
                                                  (*pro hac vice*)

HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 01944
Telephone: (617) 371-1000
george.langendorf@hoganlovells.com

Lauren R. Greenspoon (ct04846)
James D. Geisler (ct31447)
SHOOK, HARDY & BACON, L.L.P.
185 Asylum Street
City Place 1, Suite 3701
Hartford, CT 06103
Tel. No: (860) 515-8901
Fax No.: (860) 515-8911
LGreenspoon@shb.com
JGeisler@shb.com

James Patrick Muehlberger (*pro hac vice*)
SHOOK, HARDY & BACON, L.L.P.

2555 Grand Boulevard
Kansas City, MO 64108
Tel. No. 816-474-6550
Fax No. : 816-421-5547
Jmuehlberger@shb.com

Patrick Oot
SHOOK, HARDY & BACON, L.L.P.

1800 K Street NW
Suite 1000
Washington, DC 20006
Tel. No.: 202-783-8400
Fax No.: 202-783-4211
Oot@shb.com


*Attorneys for Defendant*
*EDGEWELL PERSONAL CARE BRANDS, LLC*

Defendant's Reply In Support of Motion to Stay Discovery